<u>NOT FOR PUBLICATION</u>                                      (Docket No. 1)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____  :
                                     :
KEYBANK NATIONAL ASSOCIATION,        :
                                     :
            Plaintiff,               :    Civil No. 05-4734 (RBK)
      v.                             :    **OPINION**
                                     :
TRACEY HEUN BRENNAN & CO.,           :
                                     :
            Defendant.               :
_____  :


**KUGLER**, United States District Judge:

   This matter comes before the Court on motion by Plaintiff KeyBank National Association ("KeyBank") to compel Defendant Tracey Heun Brennan & Company ("Tracey Heun") to comply with a subpoena <u>duces tecum</u> issued July 18, 2005, and for sanctions. For the reasons set forth below, Keybank's motion will be granted in part and denied in part.

**I.   Background**

   The sole issue pending before this Court is KeyBank's motion to compel Tracey Heun to comply with a subpoena issued by this Court for the purposes of litigation pending in the United States District Court, Northern District of Ohio ("Ohio Litigation").[1] Tracey Heun is a New Jersey company and a third party to the

---

   [1] <u>Ruth Berry, et al., v. KeyBank National Association</u>, No. 04-0081 (N.D. Ohio, filed January 15, 2004).

pending suit in Ohio.

The relevant details of the Ohio litigation are as follows: KeyBank is a corporate co-trustee of the Ruth Berry Marital Trust and sole trustee of the Ruth Heston Trust, established for the benefit of Ruth H. Berry ("Berry"). Berry and the Marital Trust's co-trustees filed suit against KeyBank on December 10, 2003, on the basis that KeyBank failed to diversify the trust assets in breach of its fiduciary duty. KeyBank countersued the plaintiff co-trustees.

One of these countersued co-trustees is Douglas Heun ("Heun"), Berry's financial advisory since approximately 1985, and a co-plaintiff to the Ohio litigation. Heun is an accountant and principal of Tracey Heun, defendant to the motion to compel presently before this court. Because Tracey Heun is a New Jersey company and not a party to the Ohio litigation, KeyBank served a subpoena issued by the United States District Court, District of New Jersey, pursuant to Federal Rule of Civil Procedure 45, requesting that Tracey Heun comply with the following:

1. Produce all documents related to this Lawsuit.

2. Produce all documents relating to the services and/or representation provided by Douglas Heun and/or Tracey Heun Brennan & Company to Ruth Berry with respect to the Ruth Heston Trust, the Marital Trust, or any other trust of which Ruth Berry is/was the beneficiary and for which KeyBank serves and/or served as co-trustee.

3. Produce all of your notes relating to Douglas Heun's and/or Tracey Heun Brennan & Company's

        services for and/or representation of Ruth Berry and/or the Trusts.

4. Produce all billing documents relating to Douglas Heun's and/or Tracey Heun Brennan & Company's services for and/or representation of Ruth Berry and/or the Trusts.

5. Produce all trusts established or created by Ruth Berry, as grantor.

6. For each trust produced pursuant to request Number 5, produce all documents relating to such trusts, including, but not limited to, billing records and investments in each such trust.

Tracey Heun filed objections to the subpoena with the District Court in Ohio on July 27, 2005. KeyBank then filed the present motion to compel and for sanctions with this Court on September 29, 2005.

**II. Discussion**

Federal Rule of Civil Procedure ("Rule") 45(a)(2) authorizes "the court for the district in which the production or inspection is to be made" to issue a subpoena commanding production. The issuing court alone has authority to quash or enforce the subpoena. Fed. R. Civ. P. 45(c) & (e); Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 380 (W.D.Pa. 2005) ("[A]ny controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena."); Anderson v. Government of Virgin Islands, 180 F.R.D. 284, 289 (D.V.I. 1998). Accordingly, KeyBank's motion to compel compliance with the subpoena issued by the District of New Jersey

is properly filed in this Court.

Tracey Heun objects to the subpoena on the basis that it requests privileged information, and that it is vague, overbroad, and unduly burdensome.

However, the party asserting objections to a request for discovery bears the burden of demonstrating specifically how the request is vague or overly broad. See e.g., Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E.D. Pa. 1999); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980). Here, Tracey Heun's arguments that the requests are insufficiently clear, specific, or narrowly tailored are not compelling, and Tracey Heun has not adequately explained how the requests could be reasonably construed as vague, overbroad, or unduly burdensome.

Furthermore, although Tracey Heun argues that the requested material is privileged, Rule 45(d)(2) requires objectors to support claims of privilege with "a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2). Tracey Heun has not done so, and it remains unclear what documents it considers privileged and its reasons for so believing.

Tracey Heun further objects to the subpoena on the basis that it requests information irrelevant to the underlying

4

litigation. Specifically, Tracey Heun points to the fact that, in addition to documents related to the two trusts at issue in the Ohio litigation, KeyBank requests all documents related to any trusts or financial services provided to Berry by Tracey Heun. Tracey Heun argues that this information exceeds the scope of discovery.

It is well established that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Rule 26 construes relevancy broadly, as any information "reasonably calculated to lead to the discovery of admissible evidence." Id. The contemplated breadth of permissible discovery thus extends well beyond the more confined universe of evidence admissible at trial. Hickman v. Taylor, 329 U.S. 495, 507-08 (1947).

Douglas Heun is a plaintiff to the Ohio litigation and Berry's primary financial advisor. KeyBank argues that the documents possessed by Douglas Heun's company, Tracey Heun, are therefore relevant both to ascertain any self interest or ulterior motive on the part of Douglas Heun, and to gain a more comprehensive understanding of Berry's "overall investment strategy."

Provisions of Ohio's Prudent Investor Act establish that

information regarding the beneficiary's "overall investment strategy" and "the context of the trust portfolio as a whole" may be necessary to determine whether a trustee has breached a fiduciary duty, such as an obligation to diversify. O.R.C. 1339.53. Consequently, information relating to Tracey Heun's services for Berry is relevant to KeyBank's duties as trustee, as well as to Douglas Heun's role in the circumstances underlying the Ohio litigation. The documents requested by the subpoena are therefore relevant and discoverable.

Accordingly, KeyBank's motion to compel is granted. However, because this Court finds that Tracey Heun's objections were properly served and that Tracey Heun did not fail to obey "without adequate excuse," Fed. R. Civ. P. 45(e), KeyBank's motion for sanctions is denied.

The accompanying Order shall issue today.

Dated:   12/2/05           s/ Robert B. Kugler
                           ROBERT B. KUGLER
                           United States District Judge